FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 SEP 16 PM 3:42
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BOBBY LEE GIFFORD; SHIRLEY GIFFORD, as guardian of Tacianna Z. Campbell, Jerkema D. Campbell and Kadasia D. Campbell, minor children; SHERRY GIFFORD, Individually and as Parent of Shenica S. Gifford, Tyesha K. Bennett, Tierra R. Bennett, Janeika J. Gifford and Jakerious L. Gifford, minor children, and WILLIE MAE GIFFORD, Individually and as Parent of Cortez L. Gifford and Zarmeica R. Gifford, minor children, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BROXTON, GEORGIA; BROXTON POLICE DEPARTMENT; Officer DON E. HARPER, Individually and as an Officer of the Broxton Police Department, and HUGH McREADY, Chief of Police, Broxton Police Department, <br><br> Defendants. | CIVIL ACTION NO.: CV508-084 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendants filed[1] the following objections to Plaintiffs' exhibits, to which Plaintiffs responded. After review and consideration, the undersigned enters the following recommendations:

---

[1] Plaintiffs filed a pleading entitled "Brief Concerning Admissibility of Certain Evidence" in which counsel asserts that evidence of Defendant Harper's prior simple battery charge and his convictions for DUI and driving on a suspended license is admissible at trial. The undersigned ruled on the admissibility of this evidence by Order dated July 8, 2010, and that Order remains the Order of the Court. (Doc. No. 86).

AO 72A
(Rev. 8/82)

| Exhibit No. | |
|---|---|
| 14 | In accord with the undersigned's Order dated July 8, 2010, Defendants' objections to the documents found at Exhibit 14 should be **sustained** in part and **overruled** in part, at this time. Plaintiffs should not be entitled to introduce evidence of the simple battery charge against Defendant Harper. Depending on the Honorable Lisa Godbey Wood's disposition of Defendants' pending Motion for Summary Judgment, documents relating to Defendant Harper's prior convictions may be relevant to Plaintiffs' negligent hiring and retention claims. The admissibility of these documents should be determined at trial. |
| 16 | Defendants assert that this Exhibit, which is purportedly a recording of a telephone conversation between Kristin High, a witness, and Plaintiff Sherry Gifford, lacks proper foundation and authentication. Defendants also assert that this recording contains only statements by Kristin High, not the questions or statements of Plaintiff Sherry Gifford, and is not an accurate reflection of the conversation. Defendants aver that this recording and the transcript should not be used in an attempt to bolster Kristin High's testimony and would be cumulative, and there would have to be a "proper situation" before a prior inconsistent statement could be used. (Doc. No. 96, p. 13). Defendants' objection should be **sustained**. |
| Unnumbered (Photos of Giffordville) | Defendants allege that they have not been able to confirm the accuracy of the overhead photographs of the Giffordville area. Defendants contend that a proper foundation must be laid at trial for the admission of the photographs, which they believe may be acceptable if an appropriate witness can establish the accuracy of these photographs. The Court should reserve ruling on the admissibility of this evidence. |

**SO REPORTED** and **RECOMMENDED**, this 16th day of September, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

2

AO 72A (Rev. 8/82)