# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

BOBBY LEE GIFFORD and SHIRLEY  \*
GIFFORD, SHIRLEY GIFFORD as  \*
Guardian of T.Z.C., J.D.C., and K.D.C.,  \*
minor children, and  \*

SHERRY GIFFORD, Individually and as  \*
Parent of S.S.G., T.K.B., T.R.B., J.J.G.,  \*
and J.L.G., minor children, and  \*

WILLIE MAE GIFFORD, Individually  \*
and as Parent of C.L.G. and Z.R.G.,  \*
minor children,  \*
  \*
    Plaintiffs,  \*
  \*
    v.  \*
  \*
CITY OF BROXTON, GEORGIA,  \*    CV 508-084
OFFICER DON E. HARPER, Individually  \*
and as an Officer of the Broxton Police  \*
Department, and HUGH MCREADY,  \*
Chief of Police for the Broxton Police  \*
Department,  \*
  \*
    Defendants.  \*

### ORDER

Presently before the Court are the parties' Objections to the Magistrate Judge's Report and Recommendation. Defendants' objections to the admission of Plaintiffs' Exhibit 14 are **sustained**. Plaintiffs offer the documents contained in Exhibit

1

14 as evidence relating to Plaintiffs' negligent hiring or retention claims. This evidence is excluded as irrelevant. See Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").

To prevail on a negligent hiring or retention claim under Georgia law, a plaintiff must show that it was "reasonably foreseeable from the employee's 'tendencies' or propensities that the employee could cause the type of harm sustained by the plaintiff." Munroe v. Universal Health Servs., Inc., 596 S.E.2d 604, 606 (Ga. 2004). Plaintiffs' Exhibit 14, even if it were to establish Defendant Harper's tendencies or propensities, establishes no causal connection between the City of Broxton's knowledge of Harper's propensities and the type of harm he allegedly inflicted on Plaintiffs, and Plaintiffs have offered no other evidence establishing this connection. As such, Plaintiffs' Exhibit 14 is irrelevant. Plaintiffs' objections to the Magistrate Judge's Report and Recommendation regarding Exhibit 14 are therefore **overruled**. All documents contained in Plaintiffs' Exhibit 14 are inadmissible for the reasons set forth in Defendants' objections to the Magistrate Judge's Report and Recommendation.

Defendants' objection to the admission of Plaintiffs' Exhibit 16 (purportedly a recording and transcript of a telephone conversation between Kristin High, a witness, and

2

Plaintiff Sherry Gifford) is **sustained** for the reasons set forth in the Magistrate Judge's Report and Recommendation.

Finally, the Court reserves ruling on the admissibility of overhead photographs of the Giffordville area.

**SO ORDERED,** this 24th day of September, 2010.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)